IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

JO ANN WILEY, *

Plaintiff, *

v. * Case No.: 3:07CV58-MHT

HARTFORD LIFE AND ACCIDENT *
INSURANCE COMPANY, *
 *
Defendant. *

## COMPLAINT

### I.

### JURISDICTION

1. This court has jurisdiction of the subject of this action pursuant to 28 U.S.C. 1331, federal question and 28 U.S.C. § 1332, diversity of citizenship of the parties.

### II.

### PARTIES

2. Plaintiff, Jo Ann Wiley, is a resident of the State of Alabama.

3. Defendant, Hartford Life and Accident Insurance Company is a corporation, organized and existing under the laws of The State of Connecticut, doing business in the State of Alabama.

### III.

### ALLEGATIONS OF FACT

4. Plaintiff worked at Wal-Mart stores between April of 1988 through June of 2004.

5. Plaintiff's reason for discontinuing active work with Wal-Mart was that she was disabled.

6. Plaintiff suffers from a myriad of medical problems including diabetes, shortness of breath, high blood pressure, high cholesterol, depression, a neurological condition, and autoimmune muscular disease

7. Plaintiff began receiving benefits on a disability policy, underwritten and issued by the Defendant.

8. On December 6, 2005, Defendant informed the Plaintiff that they were discontinuing her disability benefits, claiming Plaintiff had the capacity to work.

9. Defendants relied, in part, on information they had received from Dr. Christopher Adams, of the Orthopedic Clinic, one of Plaintiff's physicians.

10. On January 19, 2006, pursuant to the Employee Retirement Income Security Act (ERISA) provisions, contained in the policy of the disability insurance issued by the Defendant, the Plaintiff appealed the decision regarding the discontinuation of her long term disability benefits.

11. In the Plaintiff's correspondence to the Defendant, a letter by Dr. Adams was attached, wherein he clarified his earlier position regarding the Plaintiff's ability to work.

12. On February 28, 2006, Defendant informed the Plaintiff that they had completed their appeal review of her claim and determined that she was not disabled pursuant to the policy provisions.

13. Notwithstanding the opinion of the Plaintiff's physicians that she is disabled, Defendant has unlawfully refused to continue the disability benefits as required by the policy.

## IV.
## CLAIM ONE - ERISA

14. The Plaintiff's claims are covered by ERISA.

15. Plaintiff adopts and re-alleges paragraphs one through fourteen above, as if set out in full herein.

16. Defendant's decision to discontinue disability benefits, in spite of the fact that the Plaintiff is clearly disabled, is in violation of the long-term disability policy in effect between the parties.

17. Defendant's actions constitute a violation of ERISA.

18. Plaintiff is a plan participant under the group benefit and has standing to bring this claim against the Defendant, pursuant to 29 U.S.C. 1132

## V.
## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that the court will grant her the following relief:

A. Issue a declaratory judgment declaring that the wrongs complained of herein violate the Plaintiff's rights under the Employee Retirement Income Security Act;

B. Enter a permanent injunction or other injunctive relief – enjoining Defendant from continuing to withhold disability payments;

C. Awarding Plaintiff any damages available at law for the Defendant's violation of the Act;

D. Retain jurisdiction of this action for a sufficient time to insure full compliance with the remedial decree requested herein;

E. Award Plaintiff her costs incurred in this case, together with reasonable attorney's fees and prejudgment interest, pursuant to the act;

F. Grant such additional and further relief and the court may deem just and equitable under the circumstances.

Respectfully submitted this ___ day of January, 2007.

James B. Douglas, Jr.
Attorney for Plaintiff
P.O. Box 1423
Auburn, AL 36831-1423
(334) 821-1596
Ala. Bar #8935-u83j