IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JO ANN WILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 3:07-CV-00058-MHT-TFM |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford" or "Defendant"), by and through its undersigned counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Hartford denies the material allegations of the Complaint and demands strict proof thereof. Hartford responds to the individually numbered allegations of the Complaint as follows:

**I.**

**JURISDICTION**

1. Hartford admits the allegations in paragraph 1 of Plaintiff's Complaint.

01445323.1

## II.

## PARTIES

2. Upon information and belief, Hartford admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Hartford denies the allegations in paragraph 3 as stated, and states that it is a Delaware corporation with its principal place of business in Connecticut. Hartford admits that it does business in the state of Alabama.

## III.

## ALLEGATIONS OF FACT

4. Hartford admits that Plaintiff began employment with Wal-Mart Stores, Inc. in 1988 but states that she ceased work in 2003.

5. Hartford denies the allegations in paragraph 5 as stated and demands strict proof thereof.

6. Upon information and belief, Hartford admits that Plaintiff may have the conditions listed in paragraph 6 of Plaintiff's Complaint and incorporates the medical records from the Administrative Record in response hereto, but denies that these conditions render her "disabled" as that term is defined in the applicable long-term disability coverage.

7. Hartford admits that Plaintiff received short-term disability benefits under Group Policy No. GRH-205215 insured by Hartford through June 2004 and

received long-term disability benefits under Group Policy No. GLT 205215 insured by Hartford through November 2005.

8.  Hartford admits that by letter dated December 6, 2005 it terminated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable coverage, but states that the above-referenced letter speaks for itself.

9.  In response to the allegations in paragraph 9 of Plaintiff's Complaint, Hartford states that its benefits termination letter of December 6, 2005 speaks for itself.

10. Hartford admits that it received a letter from Plaintiff dated January 19, 2006 appealing the termination of her claim for long-term disability benefits.

11. In response to the allegations in paragraph 11 of Plaintiff's Complaint, Hartford states that Plaintiff's letter dated January 19, 2006 and any attachments thereto speak for themselves.

12. Hartford admits that by letter dated February 28, 2006 it upheld its decision to terminate Plaintiff's claim for long-term disability benefits, but states that the above-referenced letter speaks for itself.

13. Hartford denies the allegations in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

## IV.

## CLAIM ONE - ERISA

14. Hartford admits that Plaintiff has stated a claim under ERISA, but denies that Plaintiff is due any relief under this, or any other, statute.

15. In response to the allegations of paragraph 15 of Plaintiff's Complaint, Hartford reasserts its responses to paragraphs 1 through 14 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

16. Hartford denies the allegations in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Hartford denies the allegations in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Hartford admits that Plaintiff was a plan participant in the Wal-Mart Stores Inc. Group Long-Term Disability Plan and has standing to bring an action under 29 U.S.C. § 1132(a)(1)(B), but denies that Plaintiff is due any relief under this statutory provision.

## V.

## PRAYERS FOR RELIEF

In response to the unnumbered "Wherefore" clause following paragraph 18 of Plaintiff's Complaint, Hartford denies that Plaintiff is due a judgment against it

or any of the relief sought in subparts (A) – (F) and further states that Plaintiff's claims are due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

### SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

### THIRD DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

### FOURTH DEFENSE

In further answer, and in the alternative, Hartford states that all actions taken were in accord with the Policy's provisions, the denial of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious,

and there was no abuse of discretion in the administration of the Policy or Plan with respect to Plaintiff.

### FIFTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the 24 month mental illness limitation, the maximum duration of benefits provision, the eligibility waiting period, recoupment, and offset provisions as provided for in the Policy.

### SIXTH DEFENSE

Plaintiff's claims and demands for relief, including her request for a permanent injunction and remedial decrees, are preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, *et seq.*

### SEVENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

### EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## NINTH DEFENSE

Plaintiff's claims are barred because Defendant discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## TENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## ELEVENTH DEFENSE

Defendant asserts that Plaintiff failed to demonstrate eligibility for benefits under the terms and provisions of the Plan.

## TWELFTH DEFENSE

Defendant denies each and every allegation in Plaintiff's Complaint except as specifically admitted herein.

## THIRTEENTH DEFENSE

Defendant denies it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

## FOURTEENTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

## FIFTEENTH DEFENSE

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Defendant reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

## SIXTEENTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## SEVENTEENTH DEFENSE

The termination of Plaintiff's claims was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## EIGHTEENTH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

## NINETEENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

## TWENTIETH DEFENSE

Plaintiff is not entitled to extracontractual or compensatory damages under ERISA.

## TWENTY-FIRST DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).

## TWENTY-SECOND DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees or costs incurred prior to the commencement of this action.

## TWENTY-THIRD DEFENSE

Hartford reserves the right to assert other defenses and claims when and if they become appropriate during this action. Hartford hereby specifically denies any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendant, by and through its counsel, respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding Defendant the costs expended herein, including its reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

- 10 -

                                      Respectfully submitted by,

                                      s/ Grace R. Murphy_____
                                      William B. Wahlheim, Jr.
                                      John David Collins
                                      Grace Robinson Murphy

                                      Attorneys for Defendant
                                      Hartford Life and Accident Insurance
                                      Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

James B. Douglas, Jr.
P.O. Box 1423
Auburn, AL 36831-1423

s/ Grace R. Murphy<br>OF COUNSEL

01445323.1