IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| JO ANN WILEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: 3:07cv58-MHT |
| HARTFORD LIFE AND ACCIDENT | * |
| INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |

**MOTION TO EXTEND DEADLINE TO FILE RULE 26(f) REPORT**

Comes now Plaintiff, and moves this Honorable Court to extend the deadline for filing the Rule 26(f) report until March 9, 2007. In support of this motion, the undersigned would show as follows:

1. On February 13, 2007, the Court entered an order requiring that the Rule 26(f) report be filed no later than February 28, 2007. (DOC#6).
2. The undersigned was contacted by the Court's office today, March 7, 2007, inquiring as to why said report was not filed.
3. The undersigned conducted both an e-mail search and a search of the file, as it is the practice of the undersigned to print a paper copy of all Court documents which are electronically filed. Through inadvertence, the e-mail order was neither printed nor calendared by the undersigned's office.
4. The undersigned apologizes and requests the Court's indulgence to allow said report to be filed on or before March 9, 2007.
5. The undersigned has spoken with Counsel for the Defendant and both parties have agreed upon a Rule 26(f) report; said report is attached to this Motion as an exhibit, should the Court grant this Motion.
6. The interests of judicial economy would best be served by allowing an extension of the deadline, rather than a dismissal, followed by a re-filing of the complaint.

Wherefore, based on the forgoing, the undersigned respectfully requests that this Honorable Court extend the deadline to file the Rule 26(f) report to March 9, 2007.

Respectfully submitted this 7th day of March, 2007.

/s/ James B. Douglas, Jr.
James B. Douglas, Jr.
Attorney for Plaintiff.

OF COUNSEL:

McNeal & Douglas,
Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, AL  36831-1423
(334) 821-1596

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above on Hon. William B. Wahlheim, Jr., Hon. John David Collins, and Hon. Grace Robinson Murphy by use of this Court's electronic filing system this the 7th day of March, 2007.

/s/ James B. Douglas, Jr.
James B. Douglas, Jr.
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JO ANN WILEY,<br><br>    **Plaintiff,**<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO.:**<br>)   **3:07-CV-00058-MHT-TFM**<br>)<br>)<br>)<br>) |

## REPORT OF PARTIES PLANNING MEETING

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on Wednesday, March 7, 2007 and was attended by James B. Douglas on behalf of Plaintiff and Grace Robinson Murphy on behalf of Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant").

2. **Pre-Discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1(a)(1) on or before **March 27, 2007**.

3. **General Claims/Defenses/Discovery Plan**. The general claims and defenses of the parties are as follows:

    a. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and maintained by her employer, Wal-Mart Stores, Inc., to provide long-term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Hartford Life and Accident Insurance Company. Plaintiff filed a claim for long-term disability benefits under the insurance policy.

>    Plaintiff alleges that termination of her benefits was wrongful and in contravention of the terms of the plan.
>
>    b.    Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Hartford properly adjudicated Plaintiff's claim for continued long-term disability benefits pursuant to the terms and conditions of the applicable coverage made available to Plaintiff through her employer.  Specifically, Defendant contends that Hartford's consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability.  Defendant also states that Hartford's claims decision was in accordance with the Plan provisions, legally correct, and neither arbitrary nor capricious.

The parties jointly propose to the Court the following discovery plan[1]:

>    a.    In the event the Court determines that Plaintiff is entitled to

discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

>>    (i.)    All factual allegations and claims made by Plaintiff in her Complaint; and
>>
>>    (ii.)    All defenses raised by Defendant in this matter.

Disclosure or discovery of electronically stored information should be handled as follows:  Defendant Hartford intends to produce in paper format the

---

[1] It is the Defendant's position that to the extent the Court's review of the Defendant's claim determination is governed under the arbitrary and capricious or heightened arbitrary and capricious standard of review, discovery is limited pursuant to Eleventh Circuit authority.  As a result, Defendant reserves the right to limit discovery to information contained in the administrative record.

non-privileged sections of the electronic claims diary and non-privileged electronic correspondence maintained as part of the administrative record of this case.

      b.      All discovery commenced in time to be completed by **July 6, 2007**.

      c.      Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

      d.      Maximum of **5** depositions by Plaintiff and **5** by Defendant without the prior approval of the Court.

      e.      Reports from retained experts under Rule 26(a)(2) due:

          (i)     from **Plaintiff** by **May 31, 2007**

          (ii)    from **Defendant** by **June 21, 2007**

      f.      Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

   4.    **Other Items**.

      a.      The parties do not request a conference with the Court prior to entry of the Scheduling Order.

      b.      Plaintiff should be allowed until **April 5, 2007** to join additional parties and to amend the pleadings.

  c. Defendant should be allowed until **April 24, 2007** to join additional parties and to amend the pleadings.

  d. All potentially dispositive motions should be filed by **July 18, 2007**.

  e. The parties are receptive to mediation but do not request Court ordered mediation at this time.  The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

  f. The Parties request a final pretrial conference in or after **October 2007**.

  g. Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

  h. Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

  i. The case should be ready for a non-jury trial by **November 26, 2007** and at this time is expected to take approximately **1-2 days**.

 Respectfully submitted: March 7, 2007

           s/ James B. Douglas, Jr._____
           James B. Douglas, Jr.
           Attorney for Plaintiff Jo Ann Wiley

**OF COUNSEL:**
MCNEAL & DOUGLAS
P.O. Box 1423
Auburn, AL 36831-1423
(334) 821-1596

           s/ Grace Robinson Murphy___ _____
           William B. Wahlheim, Jr.
           John David Collins
           Grace Robinson Murphy
           Attorneys for Defendant Hartford Life and
           Accident Insurance Company

**OF COUNSEL**:
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000