**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JO ANN WILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **3:07-CV-00058-MHT-TFM** |
| **HARTFORD LIFE AND ACCIDENT** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S
MOTION TO QUASH DEPOSITION NOTICES AND MOTION FOR
PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") moves to quash Plaintiff's notice of three depositions and for the entry of a Protective Order on the basis that the noticed depositions are untimely and impermissibly seek to expand the record in this ERISA-preempted action. Prior to filing this motion, Defendant's counsel endeavored to resolve the issue of its objections to taking of depositions in this case through discussions with opposing counsel. However, counsel for the parties were unable to reach a resolution.

**INTRODUCTION**

This case arises out of a dispute over entitlement to long-term disability benefits under an employee benefit plan (the "Plan") established and maintained by Plaintiff's former employer, Wal-Mart Stores, Inc. It is undisputed that the Plan is governed by ERISA. The Plan was insured by a group insurance policy (the "Policy") issued by Hartford to Wal-Mart Stores, Inc. Hartford also serves as the Claims Administrator for the Plan. Importantly, the Plan document states that "Hartford has full discretion and authority to determine eligibility for benefits and to

1

construe and interpret all terms and provisions of the Group Insurance Policy."  The Eleventh

Circuit has uniformly held that the above-quoted language limits the district court's review to the

facts before the claims administrator at the time the claims decision was made, i.e., the plan

documents and the administrative record.  *See Jett v. Blue Cross and Blue Shield of Ala.*, 890

F.2d 1137, 1139 (11th Cir. 1989); *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321,

1326 (11th Cir. 2000); *see also Richards v. Hartford Life and Accident Ins. Co.*, 2005 WL

2888214 (11th Cir. Nov. 3, 2005) (affirming district court's refusal to consider Social Security

award and physician's affidavits generated after benefits determination on the grounds that such

evidence was not part of the administrative record).

In March 2007, Hartford voluntarily and timely produced its entire administrative record

and the operative plan documents (788 total pages) to Plaintiff in connection with its Rule 26

Initial Disclosures.  Also on March 9, 2007, this Court entered its Uniform Scheduling Order

setting the discovery deadline as **July 6, 2007**.  One week before the discovery cut-off, Plaintiff

noticed the depositions of her treating physicians, Dr. Christopher Adams and Dr. James

Mathews, for July 5, 2007.  (Notices of Deposition to Drs. Adams and Mathews attached hereto

as Exhibit "A").  It does not appear that these non-party physicians were properly subpoenaed

under Fed. R. Civ. P. Rule 45 for a deposition.  Plaintiff has also unilaterally noticed a 30(b)(6)

deposition for Defendant Hartford Life and Accident Insurance Company for July 6, 2007.

(Notice of 30(b)(6) Deposition to Hartford attached hereto as Exhibit "B").  This deposition was

noticed to take place at defense counsel's office in Birmingham, Alabama.  Counsel for Hartford

only received service copies of these deposition notices by regular mail on Friday, June 29, 2007.

Notwithstanding Hartford's additional objections on the grounds of relevancy, an appropriate

Hartford corporate representative is unable to participate in a deposition in Alabama on such short notice and particularly during a holiday week.

These depositions are also in direct contravention of the Eleventh Circuit's guidance in *Jett* and its progeny. The discovery advanced by Plaintiff is an effort to supplement the administrative record with evidence heretofore never considered by Hartford. Accordingly, Hartford respectfully requests that the Notices of Deposition of Dr. Christopher Adams, Dr. James Mathews and Hartford be quashed and that Hartford's Motion for Protective Order be granted.

### ARGUMENT

**1.     Plaintiff's Untimely Notices are an Eleventh Hour Attempt to Schedule Depositions Before the July 6, 2007 Discovery Deadline.**

Rule 30(b)(1) provides that "a party who wants to depose a person by oral questions must give **reasonable** written notice to every other party." (emphasis added). Also, although it does not appear that Plaintiff followed the necessary procedure in issuing a subpoena for the taking of non-party depositions of Dr. Adams and Dr. Mathews, Rule 45(c)(3)(A) permits a court by which a subpoena was issued to quash the subpoena if it:

(i) fails to allow reasonable time for compliance; [or]…

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

For the first time since the inception of this action in January 2007, and approximately one week before the discovery deadline, Plaintiff served two non-party deposition notices on Dr. Adams and Dr. Mathews for July 5, 2007 and a 30(b)(6) deposition notice to Hartford for July 6, 2007. Defendant strongly objects to the issuance of these notices and moves the Court to quash the Notices. The Notices are not only untimely and unreasonable, but may seek information

3

unrelated to the issues in this case.  Moreover, the 30(b)(6) Notice would place an undue burden

on Defendant, a company headquartered in Connecticut, to produce a corporate representative

deponent(s) in Alabama on such short notice, during a holiday week, and at this late stage on the

eve of the discovery cut-off.

Defendant therefore respectfully requests the Court to quash Plaintiff's 30(b)(6) Notice

and the Notices to Drs. Adams and Mathews.

**2.      This Court's Review Is Limited to the Administrative Record Before Hartford at the Time its Claims Decision was Made.**

As the standard of review in this case is beyond dispute, the subject motion should be

considered in light of the controlling Eleventh Circuit precedent in *Jett v. Blue Cross and Blue*

*Shield of Alabama*, 890 F.2d 1137, 1139 (11th Cir. 1989) and *Lee v. Blue Cross Blue Shield of*

*Alabama*, 10 F.3d 1547, 1549 (11th Cir. 1994). *Id.*   In *Lee*, "the Eleventh Circuit first

acknowledged that it could only look to facts before the administrator at the time the decision

was made to determine whether the administrator's decision was 'wrong.'" *See also*, *Jett*, 890 F.

2d at 1140 (when conducting a review of an ERISA benefits denial under the arbitrary and

capricious standard the function of the court is to determine whether there was a reasonable basis

for the decision, based upon the facts known to the administrator at the time the decision was

made).  In *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321 (11th Cir. 2001), the

Eleventh Circuit later affirmed this rule in applying the heightened arbitrary and capricious

standard of review. 245 F.3d at 1326;  *see also Richards v. Hartford Life and Accident Ins. Co.*,

2005 WL 2888214 (11th Cir. Nov. 3, 2005) (affirming district court's refusal to consider Social

Security award and physician's affidavits generated after benefits determination on the grounds

that such evidence was not part of the administrative record).  Mindful of this precedent, district

courts in the Eleventh Circuit uniformly limit their review to the administrative record when

applying the heightened arbitrary and capricious standard of review. *See, e.g.*, *Wilcox v. The Standard Ins. Co.,* 340 F. Supp. 2d 1266 (N.D. Ala. 2004) (denying motion to allow additional evidence and finding that the court, in applying the heightened arbitrary and capricious standard, is limited to the information before the plan administrator at the time the decision was made to terminate plaintiff's claim and through the administrative appeals process); *Stidham v. Solutia, Inc, et al.*, 215 F. Supp. 2d 1268 (N.D. Ala. 2002) (Based on the authority of *Jett,* Judge Blackburn ruled that the Court is to consider only the evidence that was before the administrator at the time it made its determination); *Mazzacoli v. Cont'l Cas. Co.*, 322 F. Supp. 2d 1376, 1379 (M.D. Fla. 2004) (review limited to administrative record "even when a conflict of interest triggers the heightened standard of review"); *Parness v. Metro. Life Ins. Co.*, 291 F. Supp. 2d 1347, 1356 (S.D. Fla. 2003) (same); *Carnaghi v. Phoenix Am. Life Ins. Co.*, 238 F. Supp. 2d 1373, 1377 (N.D. Ga. 2002).

Thus, "the law is well-settled that when a court initially determines whether the administrator's denial of the claim was correct or whether it was reasonable, the court's review is limited to the facts before the administrator at the time the decision was made." *Fick v. Metro. Life Ins. Co.*, 347 F. Supp. 2d 1271, 1283-4 (S.D. Fla. 2004). Plaintiff's request to take some three (3) depositions, when the entire administrative record has been produced to her with Hartford's Initial Disclosures, would serve no purpose except to expand upon the administrative record. To hold otherwise would also require Hartford to conduct discovery depositions of any witnesses through whom Plaintiff intended to present evidence at trial when she did not choose to present such evidence to Hartford for consideration in connection with her claim or include in the administrative record. This would be inimical to a principal objective of ERISA: "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and

5

expeditiously." *Newman v. Standard Ins. Co.*, 997 F. Supp. 1276, 1281 (C. D. Cal. 1998). *Accord Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990) (stating that "[n]othing in [ERISA's] legislative history suggests that Congress intended the federal district courts would function as substitute plan administrators, a role they inevitably would assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims. . . under the ERISA scheme.")

To allow Plaintiff to take depositions and offer newly developed evidence for the first time at summary judgment or trial would undermine the principle that an ERlSA claimant must present "all evidence regarding [her] condition" in the administrative review process, to facilitate inexpensive and expeditious resolution. *See, e.g., DeFelice v. American Int'l Life Assurance Co. of N. Y.*, 112 F.3d 61, 65 (2d Cir. 1997); *Masella v. Blue Cross Blue Shield of Conn., Inc.*, 936 F.2d 98, 103-05 (2d Cir. 1991). "Indeed, avoiding unnecessary litigation is the driving force behind requiring litigants to submit their best evidence to the administrator and subsequently precluding the district courts from reviewing evidence outside the administrative record." *Fussell v. Metro. Life Ins. Co.*, 2003 WL 21362257 (E.D. La. Jun. 10, 2003). Moreover, by permitting Plaintiff to expand the administrative record, the Court could reach the anomalous conclusion that Hartford made an incorrect benefits determination based on evidence with which it was <u>not</u> presented. In this case, too, Plaintiff had ample opportunity and every incentive to submit whatever evidence she pleased to support her claim for benefits and did so on appeal. Consequently, Plaintiff cannot attempt to develop additional evidence at this late date that is not part of the administrative record.

Plaintiff's designated areas of testimony in her 30(b)(6) further demonstrate this point. For example, one designated area of testimony is "[c]ompany policy regarding the denial of disability benefits, after said benefits have been previously awarded." To the extent this designated area of testimony seeks to introduce proprietary or confidential information beyond that already contained within the administrative record in this case and produced in connection with Hartford's Rule 26 Initial Disclosures, it is not allowed per the above-stated binding case law. Lastly, the records of Drs. Adams and Mathews are already contained within the Administrative Record, and speak for themselves. Any effort to clarify or supplement those records or medical opinions would also contravene ERISA's administrative scheme and the case law interpreting it. Furthermore, it is highly probable that this testimony would be irrelevant as well as it may address Plaintiff's current medical condition which is not at issue, as the final decision to deny benefits was made on February 28, 2006. Plaintiff's medical condition after this date is irrelevant to the Court's inquiry.

## Conclusion

Binding Eleventh Circuit authority establishes that, under the heightened arbitrary and capricious standard of review, the evidence to be considered by the Court is limited to that which was before Hartford at the time its benefits determination was made. This is true regardless of whether the Court is reviewing the correctness of the decision, the reasonableness of the decision, or the objective reliability of the evidence relied on to reach the decision. This precedent mandates that Plaintiff's eleventh hour request to take three depositions be denied, and Hartford's motion to quash and motion for a protective order to preclude depositions in this matter be granted.

Respectfully submitted,

This the 3rd day of July, 2007.

s/ Grace R. Murphy_____ _____
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
Attorneys for Defendant
Hartford Life and Accident Insurance
Company

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by e-filing a copy through the Court's CM-ECF system, this the 3rd day of July, 2007:

James B. Douglas, Jr.
P.O. Box 1423
Auburn, AL 36831-1423

s/ Grace R. Murphy_____
OF COUNSEL

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

### EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN WILEY, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION NO.:** |
| HARTFORD LIFE AND ACCIDENT | ) | **3:07-CV-00058-MHT-TFM** |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

**To:**    Grace Robinson Murphy
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff will take the deposition of Christopher Adams, M.D. at 121 North

20th Street, Building 18 Opelika, AL 36801 at 9:00 am on July 5th , 2007, before an

officer authorized by law to administer oaths.

Respectfully submitted this the 23rd day of June, 2007.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at
Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by

sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the 23rd day of June, 2007.

Grace Robinson Murphy
John Davis Collins
William B. Wahlheim, Jr.
Maynard, Cooper and Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203


James B. Douglas, Jr.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

### EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN WILEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| HARTFORD LIFE AND ACCIDENT | ) | 3:07-CV-00058-MHT-TFM |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

To:    Grace Robinson Murphy
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff will take the deposition of James Mathews, M.D. at 121 North 20th

Street, Building 18 Opelika, AL 36801 at 10:00 am on July 5th , 2007, before an officer

authorized by law to administer oaths.

Respectfully submitted this the 23rd day of June, 2007.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at
Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by

sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the 23rd day of June, 2007.

Grace Robinson Murphy
John Davis Collins
William B. Wahlheim, Jr.
Maynard, Cooper and Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

_____
James B. Douglas, Jr.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF ALABAMA

### EASTERN DIVISION

JO ANN WILEY,                              )
      Plaintiff,                           )
                      )
v.                                         )
                      )    **CIVIL ACTION NO.:**
HARTFORD LIFE AND ACCIDENT      )    **3:07-CV-00058-MHT-TFM**
INSURANCE COMPANY,              )
                      )
      Defendant.                           )
                      )

## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

To:    Grace Robinson Murphy
        1901 6th Avenue North
        2400 AmSouth/Harbert Plaza
        Birmingham, AL 35203

Please take notice that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff will take the deposition of HARTFORD LIFE AND ACCIDENT

INSURANCE COMPANY, upon oral examination, before an officer authorized by law

to administer oaths, on July 6th , 2007, at 9:00 a.m., at 1901 6th Avenue North,

Birmingham, AL 35203 for the purpose of discovery or for use as evidence in this action.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Hartford Life and

Accident Insurance Company shall designate the appropriate officers, directors, or

managing agents, or other persons qualified to testify on the matters set forth below. The

deposition will continue from day to day until completed.

The matters on which the 30(b)(6) representative will testify are:

1.    Any matters relating to the allegations in the Plaintiffs' Complaint.

2.    Company policy regarding the denial of disability benefits, after said benefits have been previously awarded.

3.    The decision to discontinue the Plaintiff's disability benefits.

Respectfully submitted this the 23rd day of June, 2007.

James B. Douglas, Jr.
Attorney for Plaintiff
McNeal & Douglas, Attorneys at Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by sending a copy of same by first class U.S. mail, postage prepaid and properly addressed.

Dated this the 23rd day of June, 2007.

Grace Robinson Murphy
John Davis Collins
William B. Wahlheim, Jr.
Maynard, Cooper and Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203

James B. Douglas, Jr.