IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JO ANN WILEY,           )  | |
|     )  | |
|     Plaintiff,      )  | |
|     )  | |
| v.           )  | 3:07-cv-58-MHT-TFM |
|     )  | |
| HARTFORD LIFE AND ACCIDENT   )  | |
| INSURANCE COMPANY,      )  | |
|     )  | |
|     Defendant.      )  | |

**ORDER**

Pending before the Court is *Defendant Hartford Life and Accident Insurance Company's Motion to Quash Deposition Notices and Motion for Protective Order* (Doc. 12, filed July 3, 2007) and Plaintiff's *Response to Defendant's Motion to Quash and for Protective Order*.

Rule 30(b)(1) requires a party to give reasonable notice to all other parties. The depositions were officially noticed on June 26, 2007 only five (5) business days before the scheduled depositions. Further, the notices were sent via regular mail. Plaintiff complied with the rules, but the effect was counsel for Hartford did not receive the notices until June 29, 2007, only three (3) business days prior to the scheduled depositions.[1] No bright line rule exists as to what constitutes reasonable notice and the determination is case-specific and fact-intensive. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005).

---

[1] The Court only counts June 29, July 2, and July 3 as the business days counsel received notice as July 4, 2007 was an official governmental holiday.

It would be unduly burdensome for Hartford, whose headquarters are in Connecticut, to produce a corporate representative in Alabama on such short notice, especially during a holiday week. *See United States v. Phillip Morris Inc.*, 312 F.Supp.2d 27, 36-37 (D.D.C. 2004) (3 business days' notice for busy professionals was not reasonable); *see also In re Sulfuric Acid*, 231 F.R.D. at 327 (10 business days' notice not reasonable in complex case was not reasonable where depositions were scheduled for the very end of the discovery period); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D. Nev. 1999) (6 days' notice was not reasonable). Much like the case in *In re Statosphere*, Plaintiff was on notice that Defendant would contest the depositions and the time frame in which Defendant was served is, in this case, unreasonably short especially in shadow of the end of the discovery period. More importantly, Plaintiff knew, or should have known, long before this date that the depositions of a Hartford representative and Plaintiff's own treating physicians might be useful in her case. Under FED. R. CIV. P. 26(b)(2)(C)(ii), a court should not permit a deposition if the party seeking it has already had ample opportunity to discover the information. Plaintiff knew the information sought might be necessary for her case and had ample opportunity prior the conclusion of the discovery period on July 6, 2007 to seek the referenced depositions.[2] Based on the above, it is for good cause

**ORDERED** that *Defendant Hartford Life and Accident Insurance Company's Motion to Quash Deposition Notices and Motion for Protective Order* (Doc. 12) is hereby **GRANTED**.

---

[2] All parties were put on notice of the Court's disfavor of eleventh hour issues. *See* "Uniform Scheduling Order" (Doc. 9).

DONE this 6th day of July, 2007.

                                        /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE

Case 3:07-cv-00058-MHT-TFM   Document 15   Filed 07/06/2007   Page 3 of 3